UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DAVIS,

       Petitioner,

                                            CASE NO. 2:09-CV-11459
v.                                            HONORABLE GERALD E. ROSEN

CHRISTOPHER ZYCH,

       Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Richard Davis ("Petitioner"), a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting a change in his custody level so that he can obtain proper medical care. Petitioner states that he was diagnosed with osteoarthritis in 2007, was given medication which caused severe side effects, was denied prescribed medication for that condition, was required to undergo an operation to remove his spleen, and was subsequently diagnosed with torn cartilage in his knee, but denied the recommended surgery. Petitioner asserts that he requires outside medical care on a routine basis which can only be obtained if he has a custody level classification which allows him to furlough out to a qualified hospital facility. For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which habeas relief may be granted and dismisses the petition.

II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioner in this case is not challenging the fact or duration of his confinement, and he raises no challenge to his criminal conviction or sentence in his pleadings. He instead complains that he has not been provided with proper medical care while confined at FCI Milan. Habeas corpus relief is not available to prisoners who complain of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (citing *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979)). Such complaints involving the conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal

sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id*. (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2241 or 2254. *See Sullivan v. United States*, 90 Fed. Appx. 862 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits"); *Alston v. Gluch*, 921 F.2d 276, 1990 WL 208674 (6th Cir. Dec. 4, 1990); *see also Hodges v. Bell*, 170 Fed. Appx. 389, 393 (6th Cir. 2006); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Such claims are more properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Martin v. Zych*, No. 2:09-10423, 2009 WL 398166, *2 (E.D. Mich. Feb. 17, 2009) (ruling that *Bivens* action, rather than § 2241 petition, is the proper vehicle for claim that prison officials have been deliberately indifferent to medical needs); *Daniel v. Craig*, Nos. 5:07-CV-00465, 00577, 2008 WL 644883, *2 (S.D. W. Va. March 7, 2008) (upholding magistrate judge's finding that *Bivens* action, not § 2241 action, is the proper avenue for a prisoner's challenge to his medical care and request for transfer to a different facility). Because Petitioner's claims pertain to his medical care while in federal custody and do not concern his criminal conviction or the computation or execution of his sentence, he fails to state a claim for habeas relief under 28 U.S.C. § 2241.

III.

For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted in his petition. Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus. This dismissal is without prejudice to the filing of a proper civil rights complaint in the appropriate court upon the exhaustion of administrative remedies. The Court makes no determination as to the merits of such a complaint.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
GERALD E. ROSEN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: May 4, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2009, by electronic and/or ordinary mail.

s/Ruth A. Brissaud
Case Manager
(313) 234-5137